THE FIRST NATIONAL BANK OF STEVENS POINT,
WISCONSIN, v. C. H. MARTIN.

No. 7644.

ACTION ON FORGED NOTE—*Ratification—Sufficiency of Evidence.*
In an action on a note against the alleged maker, it appeared
that defendant was president of a bank, and that in his absence
the cashier executed the note, put on it the bank's and his own
indorsement, and sent it to the cashier of another bank; but there
was no proof that defendant, the bank, or even the cashier, ob-
tained any benefit from the money obtained for the note by the
cashier to whom it was sent. *Held,* That defendant was not lia-
ble on the ground of ratification.

*Error from Thomas District Court.*

ACTION on a promissory note by The First National
Bank of Stevens Point, Wisconsin, against C. H. Mar-
tin. There was a judgment for defendant, and plain-
tiff brings the case here. The material facts appear
in the opinion, filed December 7, 1895.

*D. C. Tillotson,* for plaintiff in error.

*E. A. McMath,* for defendant in error.

*Per Curiam:* The plaintiff in error brought its action
against the defendant in error to recover upon a prom-
issory note of date March 1, 1889, for $3,000, payable
to the Hall and Martin Bank, of Colby, signed by C.
H. Martin, and indorsed "The Hall and Martin Bank,
by E. A. Hall, Cashier," and "E. A. Hall." It was
alleged that the Hall and Martin Bank indorsed and
transferred said note, on or about March 4, 1889, to M.
B. Abell for $2,822.35, and that Abell sold, transferred
and delivered the same to the plaintiff, on or about
March 8, 1889, for a valuable consideration. The de-
fendant admitted the execution of a note of the date,
amount and description set forth in the petition, but

denied that the note sued upon was the same one that was executed by him, and further alleged that the note which he made was without consideration, and was executed for accommodation only, upon the representation of E. A. Hall, cashier, that it was to be used for the purpose of taking up a certificate of deposit of like amount, the holder having consented to surrender the same in exchange for such note, and that this representation of Hall was false and fraudulent. The defendant was the president of the Hall and Martin Bank, but had little to do with its active management. During the latter part of February and the earlier days of March he was in the neighborhood of Clifton, Kan., on business, and while there, it would seem from the evidence, that Hall executed a $3,000 note with the name of the defendant signed thereto as maker, and also a property statement purporting to be signed by the defendant, both of which were sent to James S. Warden, then cashier of the National Exchange Bank, at Kansas City, Mo., and that Hall also wrote to the defendant, inclosing a note ready for his signature, and requested him to sign and return it; but the defendant retained it until he got back to Colby, and on March 5 he executed the same, on the representation of Hall, as before stated. It is probable that Hall intended to substitute this note for the other one which he had signed and forwarded to Warden. On March 1, Hall entered on the books a note of the same description and date. Whether the plaintiff obtained the genuine note or the one which had been signed by Hall was the principal question in the case. Abell testified that he often negotiated for notes on property statements and descriptions before the arrival of the paper, and that he sometimes sold the same in like manner. It is

shown beyond question that the genuine note was not executed until March 5, although dated March 1, and in answer to a particular question of fact submitted by the plaintiff, the jury found that the name signed to the note sued on was not the genuine signature of the defendant, and this finding is supported by a preponderance of the evidence. A singular circumstance disclosed by the record is that suit is brought on an instrument containing no words of negotiability and no guaranty of payment, while the evidence as to the note held by the plaintiff is that it was payable to the order of the Hall and Martin Bank, and a guaranty of payment was written on the back thereof; and these variances between the allegations and the proofs are in no way explained. Several questions have been ably argued by counsel for plaintiff which, in view of the restrictions contained in the record as to the questions to be presented, and the further finding of the jury that the note sued on was not the genuine paper executed by the defendant, we deem unnecessary to consider. The plaintiff claims, among other things, that, even if the note sued on was a forgery, the defendant ratified the same by an acceptance of the benefits of the money received from Abell, but there is no proof that the defendant, the Hall and Martin Bank, or even Hall, received any benefit from the money which Warden obtained for the note, and the defendant knew nothing of the existence of the note which Hall had signed, and which, it seems from the findings of the jury, must be the one upon which suit was brought.

The judgment must be affirmed.